Leroy L. TRUFANT, Plaintiff-Appellant,

v.

AUTOCON, INC., a subsidiary of Camco, Inc., Defendant-Appellee.

No. 84–3112.

United States Court of Appeals, Fifth Circuit.

March 21, 1984.

Leroy L. Trufant, pro se.

Jones, Walker, Waecheter, Poitevent, Carriere & Denegre, David Israel, New Orleans, La., for defendant-appellee.

Before TATE, GARWOOD and HIGGINBOTHAM, Circuit Judges.

BY THE COURT:

■ IT IS ORDERED that the motion of appellee to dismiss the appeal is granted on the ground that there is no final appealable order before the court. *See* 28 U.S.C. § 1291.

This Title VII discrimination action was referred by the district court to a U.S. magistrate pursuant to 42 U.S.C. § 2000e–5(f)(5) and Fed.R.Civ.P. 53. The magistrate made findings of fact and conclusions of law, and recommended that plaintiff's suit be dismissed. As of the date that this appeal was filed in this court, the district court had not acted on the findings and recommendation of the magistrate.

■ It is well established that the findings of a magistrate may not ordinarily be appealed directly to the Court of Appeals. *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir.), *cert. denied*, 449 U.S. 921, 101 S.Ct. 321, 66 L.Ed.2d 149 (1980); *Kendall v. Davis*, 569 F.2d 1330 (5th Cir.1978); *United States v. Cline*, 566 F.2d 1220 (5th Cir.1978). This general rule is overcome only when the magistrate acts under a specific statutory provision authorizing direct appeal to the circuit court. Under 28 U.S.C. § 636(c)(1), a district court, with the voluntary consent of the parties, may authorize a magistrate to conduct proceedings and enter final judgment in a case; such judgment is then appealable to the circuit court directly, *id.* § 636(c)(3).

We conclude that the reference to the magistrate made by the district court was not made under § 636(c)(1), and hence is not covered by § 636(c)(3). The district judge stated that the reference was being made under Title VII's magistrate provision, 42 U.S.C. § 2000e–5(f)(5), and Rule 53. Neither of these sections provides for a final judgment to be entered by the magistrate, and Rule 53 explicitly provides for review of the magistrate's findings and recommendations by the district court.

Further, we find no evidence that the parties consented to have the magistrate enter a final judgment. We have held before that such consent must be explicit, and will not be casually inferred from the conduct of the parties. *Glover v. Alabama Bd. of Corrections*, 660 F.2d 120 (5th Cir. 1981); *accord, Alaniz v. California Processors, Inc.*, 690 F.2d 717 (9th Cir.1982).

In sum, the magistrate's findings are not a final appealable order, and the district court, too, has yet to enter a final judgment in this case. It follows that plaintiff's appeal must be dismissed for want of appellate jurisdiction.

APPEAL DISMISSED.