Clay AMBROSE, Plaintiff-Appellant,

v.

Neil WELCH, George Wilson, Stephen Smith, Dewey Sowders, J.B. Owens, F. Richardsville, Sidney McDaniels and Robert Hodge, Defendants-Appellees.

No. 82–5575.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 22, 1984.

Decided March 21, 1984.

David Murrell (argued), Louisville, Ky., for plaintiff-appellant.

Steven Beshear, Atty. Gen. of Kentucky, Barbara W. Jones (argued), Linda G. Cooper, David A. Sexton, Frankfort, Ky., for defendants-appellees.

Before LIVELY, Chief Judge, JONES, Circuit Judge, and PECK, Senior Circuit Judge.

PER CURIAM.

This case is before the Court upon Clay Ambrose's appeal from an order of the United States Magistrate denying him leave to proceed in forma pauperis unless he paid a partial filing fee. Upon consideration of the briefs and oral argument we dismiss this appeal for lack of jurisdiction.

Clay Ambrose, the plaintiff-appellant, is a prisoner at the Kentucky State Penitentiary. His complaint alleged that his life was placed in danger because of the negligence of three guards, subsequently causing him to sustain physical and emotional injuries, and that he was denied necessary medical treatment for his injuries.

Ambrose first attempted to file his civil rights action on or about December 23, 1981, at which time he also filed a motion for leave to proceed in forma pauperis. After reviewing a certified copy of the account sheets for Ambrose's institutional account, the Magistrate determined that he had sufficient financial resources to pay part of the filing fee. Accordingly, he en-

tered an order requiring Ambrose to pay $44.79 to partially cover the cost of filing the action. Upon payment of this amount, Ambrose would be permitted to proceed as a pauper. The order also provided that Ambrose could inform the court of any special circumstances which would warrant his total or partial exemption from the requirement to pay this amount.

Instead of appealing from this order, or attempting to comply therewith, Ambrose attempted to refile his complaint with the same motion for leave to proceed in forma pauperis. The Magistrate again denied leave unless and until Ambrose complied with the previous order requiring him to pay part of the filing fee.

Ambrose attempted to comply with the magistrate's order by submitting an affidavit setting forth special circumstances to relieve him of having to pay the partial filing fee. The affidavit alleged for the first time that Ambrose contributed to the support of a woman and her son. The Magistrate found this assertion "unworthy of belief" and denied the motion because the affidavit was directly inconsistent with his previous sworn declarations that he contributed no funds to the support of anyone.

Ambrose attempted to refile his action for a third time, and again sought leave to proceed in forma pauperis. This time his declaration in support of his motion admitted that he contributed nothing to anyone else's support, but maintained that he had only $1.17 in his institutional account. The Magistrate again denied the motion and directed Ambrose to pay the partial filing fee. It should be noted that even though Ambrose alleged that he had only $1.17 in his account, he had not complied with the Magistrate's original order which required him to show the amount, payee and purpose of withdrawals from his account. From this order Ambrose appealed directly to this Court.

 The parties to this action failed to raise before this Court the issue of the appealability of the Magistrate's order. It is well settled, however, that we may raise the issue *sua sponte* at any point in the proceedings. *See, e.g., Alexander v. Aero Lodge No. 735, International Association of Machinists,* 565 F.2d 1364, 1370 (6th Cir.1977), *cert. denied,* 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978); *Miller v. United States,* 403 F.2d 77, 78 (2d Cir. 1968). The lack of subject matter jurisdiction is a nonwaivable defect that may be raised at any time to justify dismissal of a pending action. *Id.*

Federal magistrates are empowered by the Federal Magistrates Act, 28 U.S.C. § 631 *et seq.* to exercise plenary civil jurisdiction when so designated by the district courts in which they serve and when the parties consent to the exercise of such jurisdiction. 28 U.S.C. § 636(c)(1). This plenary jurisdiction includes the authority to enter final judgment and, if the statutory requirements are met, either party may appeal this judgment directly to the court of appeals without seeking review in the district court. 28 U.S.C. § 636(c)(3).

 Conversely, if these requirements are not satisfied, we are without jurisdiction to review the magistrate's order unless the parties have sought review in the district court. *United States v. Haley,* 541 F.2d 678 (8th Cir.1974). Our review of the record leads us to conclude that we lack jurisdiction to review the Magistrate's order because there is no clear and unambiguous statement in the record indicating that the parties consented to the exercise of plenary jurisdiction by the Magistrate. *Alaniz v. California Processors, Inc.,* 690 F.2d 717, 720 (9th Cir.1982). We decline to view the parties' conduct throughout the proceedings as supplying the necessary consent. *Id.* Thus, Ambrose must seek review of the Magistrate's order in the district court before he can appeal to this Court.

Accordingly, this appeal is DISMISSED for lack of appellate jurisdiction.