762 F.2d 1006
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MILDRED DUNHAM, PLAINTIFF-APPELLANT,
v.
LUCAS COUNTY WELFARE DEPT. ET AL., DEFENDANTS-APPELLEES.
 NO. 84-3935
 United States Court of Appeals, Sixth Circuit.
 3/28/85
 
 ORDER
 BEFORE: KEITH, JONES, and KRUPANSKY, Circuit Judges.
 
 
 1
 This matter is before the Court upon defendants' motion to dismiss for lack of appellate jurisdiction and plaintiff's responsive memorandum. Plaintiff appeals from a magistrate's entry of summary judgment in favor of defendants, on her complaint alleging violations of 42 U.S.C. Secs. 1981, 1983 and 2000(e) et seq..
 
 
 2
 Under the provision of Federal Magistrate's Act of 1979, 28 U.S.C. Sec. 636(c), the parties elected the optional appeal route which permits an appeal on the record to a district court judge acting as a court of appeals. The proper consent form was executed. 28 U.S.C. Sec. 636(c)(4); Rule 73(c), Federal Rules of Civil Procedure. Plaintiff admits that she signed the consent form (as did the defendants) but claims that she withdrew her consent when she filed the notice of appeal. Further, she claims that the language of 28 U.S.C. Sec. 636(c)(4) does not prevent her from appealing directly to this Court.
 
 
 3
 Upon careful consideration of the papers before the Court, this Court finds that plaintiff's argument has no merit. The executed consent form was a clear and unambiguous statement that plaintiff consented to the magistrate's exercise of plenary jurisdiction, with an appeal to the district court. See Ambrose v. Welch, 729 F.2d 1084 (6th Cir. 1984). Until this condition occurs, this Court does not have jurisdiction. 28 U.S.C. Sec. 636(c)(4)(5)
 
 
 4
 It is ORDERED that defendant's motion to dismiss be granted and plaintiff's appeal is dismissed. It is further ORDERED that costs be assessed against plaintiff by reason of her frivolous appeal, apparently pursued for purposes of delay.