762 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MICHAEL G. PARKER, PLAINTIFF-APPELLANT, CROSS-APPELLEE,
v.
JOHN ROSS; ROBERT MILLER; ROBERT JACOLA; WILLIAM CATLIN,
DEFENDANTS-APPELLEES, CROSS-APPELLANTS,
JOSEPH CIMINERO, DEFENDANT-APPELLEE.
 NO. 84-3961, 84-3996
 United States Court of Appeals, Sixth Circuit.
 4/19/85
 
 ORDER
 BEFORE: KENNEDY, CONTIE, and MILBURN, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of the appellant's and cross appellants' response to this Court's show cause orders. This matter is also before the Court upon consideration of the motions for leave to proceed in forma pauperis and for appointment of counsel.
 
 
 2
 It appears from the record that the judgment was entered October 26, 1984. Parker's notice of appeal (Case No. 84-3961) filed November 27, 1984, was one day late. Rules 4(a) and 26(a), Federal Rules of Appellate Procedure.
 
 
 3
 The time for filing a notice of appeal is computed from the entry of the judgment not receipt of the judgment and the placement of the document in the mail within the 30 day appeals period does not cure the untimely filing of the notice of appeal. Pryor v. Marshall, 711 F.2d 63 (6th Cir. 1983). Mere acceptance of an untimely notice of appeal is not considered as a grant of an extension of time by the district court. Cel-A-Pak v. California Agr. Labor Relations Bd., 680 F.2d 664 (9th Cir. 1982), cert. denied, 459 U.S. 1071 (1982). Lack of jurisdiction may be raised sua sponte by this Court at any point in the proceedings. Ambrose v. Welch, 729 F.2d 1084 (6th Cir. 1984).
 
 
 4
 The notice of cross appeal (Case No. 84-3961) was also untimely filed. Rule 4(a)(3), Federal Rules of Appellate Procedure, provides that if a timely notice of appeal is filed by a party that any other party may file an appeal within 14 days after the date the first notice of appeal was filed or within the time otherwise prescribed by Rule 4(a), Federal Rules of Appellate Procedure, whichever period last expires. Since Parker's November 27, 1984, notice of appeal was untimely filed, the cross appellants did not receive 14 additional days to file their cross appeal. The notice of cross appeal (case No. 84-3996) filed on December 7, 1984, was 11 days late since the appeals period expired on November 26, 1984, without the timely filing of a notice of appeal. Rules 4(a)(3) and 26(a), Federal Rules of Appellate Procedure.
 
 
 5
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Rule 4(a), Federal Rules of Appellate Procedure, is a mandatory and jurisdictional prerequisite which this Court can neither waive nor extend. Peake v. First Nat. Bank and Trust Co. of Marquette, 717 F.2d 1016 (6th Cir. 1983). Rule 26(b), Federal Rules of Appellate Procedure, specifically provides that this Court cannot enlarge the time for filing a notice of appeal.
 
 
 6
 It is ORDERED that the appeal and cross appeal be and hereby are dismissed for lack of jurisdiction. Rule 9(d)(1), Rules of the Sixth Circuit.
 
 
 7
 It is further ORDERED that the motions for leave to proceed in forma pauperis and for appointment of counsel be and they hereby are denied.