872 F.2d 1025
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Grayling B. DICE, Plaintiff-Appellant,
v.
Michael PARRISH, Darwin Storms, James Hamilton, Defendants-Appellees.
 No. 89-1138.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1989.
 
 1
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and THOMAS A. BALLANTINE, Jr., District Judge*.
 
 ORDER
 
 2
 This matter is before the court upon consideration of appellant's response to this court's order of February 7, 1989, directing him to show cause as to why his appeal should not be dismissed for lack of jurisdiction.
 
 
 3
 Examination of the record indicates that the district court entered its final order on September 1, 1987. Appellant, however, did not file a notice of appeal from that order until January 18, 1989. The record further demonstrates that appellant did not seek an extension of time in which to file a notice of appeal due to excusable neglect pursuant to Fed.R.App.P. 4(a)(5). Accordingly, the notice of appeal was approximately one year and 3 months late. Fed.R.App.P. 4(a) and 26(a).
 
 
 4
 An appellant's failure to file a timely notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory, jurisdictional prerequisite which this court can neither waive nor extend. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983).
 
 
 5
 In his response to this court's order of February 7, 1989, appellant asserts that the application of those rules should not render this appeal untimely due to the fact that he had already filed a notice of appeal from a magistrate's report which had been previously entered in this case. Accordingly, appellant did not believe he needed to file a new notice of appeal subsequent to the district court's entry of a final order on September 1, 1987. That argument is without merit, however, as a magistrate's report is not appealable unless he has been given plenary jurisdiction by the district court and the consent of the parties under 28 U.S.C. Sec. 636(c)(1). Ambrose v. Welch, 729 F.2d 1084, 1085 (6th Cir.1984) (per curiam). The magistrate was not exercising plenary jurisdiction in this case. Appellant, therefore, was still required to file a notice of appeal within 30 days of the district court's entry of its final order on September 1, 1987.
 
 
 6
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Ballantine, Jr., U.S. District Judge for the Western District of Kentucky, sitting by designation