872 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Lee CARTER, Plaintiff-Appellant,
v.
Gary LIVESAY, Warden; Don Dunaway, Sgt.; Thomas Wyatt,
Cpl., Defendants-Appellees.
 No. 89-5197.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1989.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 Review of the papers before the court indicates that on March 22, 1988, appellant filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the District Court for the Eastern District of Tennessee. The district court referred the case to a magistrate for disposition of all pretrial matters including the conduct of discovery. Appellant then filed separate motions to depose appellees, to compel answers to interrogatories, and for the production of documents. The magistrate denied those requests in a single order entered December 15, 1988. Appellant subsequently filed this appeal.
 
 
 3
 This panel concludes that the appeal must be dismissed for lack of jurisdiction. An order of a magistrate is not appealable unless he has been given plenary jurisdiction by the district court and the consent of the parties pursuant to 28 U.S.C. Sec. 636(c)(1). Ambrose v. Welch, 729 F.2d 1084, 1085 (6th Cir.1984) (per curiam); Trufant v. Autocon, Inc., 729 F.2d 308, 309 (5th Cir.1984). The magistrate was not given plenary jurisdiction in this case. Rather, his authority was derived pursuant to 28 U.S.C. Sec. 636(b)(1)(B). Moreover, this court would still lack jurisdiction even if the magistrate had been given plenary jurisdiction over the case. The order appealed from concerns appellant's motions to compel discovery. Absent a final judgment, however, such matters can not be made the subject of an interlocutory appeal before this court. Cochran v. Birkel, 651 F.2d 1219, 1221 (6th Cir.1981), cert. denied, 454 U.S. 1152 (1982). The district court has not entered a final judgment in this case.
 
 
 4
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for want of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.