875 F.2d 861
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jonathan Scott BALDWIN, Plaintiff-Appellant,
v.
Jeffrey SMITH, Patrica Kyle, Stephen Ricks, Mr. & Mrs. M.
Gonzales, Mr. Robert Smith, Steven Georges, Ruddy Fox,
Stephen Leclaire, Norman C. Roettger, Laurana Snow, Jane and
John Doe(s), Defendants-Appellees.
 No. 89-5351.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1989.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and JEROME TURNER, District Judge*.
 
 ORDER
 
 2
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 3
 Review of the papers before the court indicates that on March 8, 1989, appellant, an inmate at the Federal Correctional Institution at Ashland, filed a complaint in the District Court for the Eastern District of Kentucky. As the basis of his cause of action, he alleged that appellees had conspired to interfere with his constitutional rights in violation of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Upon consideration of the complaint, a magistrate determined that the court lacked venue over the cause of action which concerned acts that were committed within the Southern District of Florida by defendants who were all residents of that jurisdiction. Accordingly, the magistrate ordered that the case be transferred to the District Court for the Southern District of Florida. This appeal followed.
 
 
 4
 This court has concluded that the appeal must be dismissed for lack of jurisdiction. Specifically, an order of a magistrate is not appealable unless he has been given plenary jurisdiction by the district court and the consent of the parties pursuant to 28 U.S.C. Sec. 636(c)(1). Ambrose v. Welch, 729 F.2d 1084, 1085 (6th Cir.1984) (per curiam); Trufant v. Autocon, Inc., 729 F.2d 308, 309 (5th Cir.1984). The magistrate was not given plenary jurisdiction in this case, but was only acting pursuant to his authority to decide pre-trial matters under 28 U.S.C. Sec. 636(b). Moreover, even if a district court judge had caused the entry of the order involved in this appeal, this court would still lack jurisdiction as orders directing the transfer of a case to another district are interlocutory in nature and are not subject to immediate appeal absent the district court's certification to the contrary pursuant to 28 U.S.C. Sec. 1292(b). In re Dalton, 733 F.2d 710, 714-15 (10th Cir.1984), cert. dismissed, 469 U.S. 1185 (1985). As the order of transfer in this case does not contain that certification, this court lacks jurisdiction.
 
 
 5
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Jerome Turner, District Judge for the Western District of Tennessee, sitting by designation