Brian J. WOODS (89–3991),
Plaintiff–Appellant,

v.

Eric DAHLBERG; George Wilson,
Defendants–Appellees.

Ernest Ralph ELLIS, Sr. (89–3992),
Plaintiff–Appellant,

v.

AMERICAN RED CROSS,
Defendant–Appellee.

Nos. 89–3991, 89–3992.

United States Court of Appeals,
Sixth Circuit.

Submitted Nov. 29, 1989.

Decided Jan. 9, 1990.

Ernest Ralph Ellis, Sr., Cambridge, Ohio, for plaintiff-appellant in no. 89–3992.

Brian J. Woods, Mansfield, Ohio, for plaintiff-appellant in no. 89–3991.

Anthony J. Celebrezze, Jr., Office of the Atty. Gen. of Ohio, Columbus, Ohio, for defendant-appellee Anthony Brigano.

Before MILBURN and GUY, Circuit Judges, and LIVELY, Senior Circuit Judge.

PER CURIAM.

These appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel has consolidated the appeals since they raise the same issue.

■ Plaintiffs have both appealed from magistrate orders denying leave to proceed in forma pauperis. *Sua sponte,* we address the issue of whether magistrates have authority to deny a motion for pauper status and conclude that they do not.

The jurisdiction of magistrates is set forth in 28 U.S.C. § 636. Section 636(b)(1)(A) provides:

> (A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

Although section 636(b)(1)(A) does not specifically reference a motion to proceed in forma pauperis, we conclude that a denial of such a motion is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority.[1]

---

1. It is clear that a denial of pauper status by a district judge is appealable. *Roberts v. United States District Court,* 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950), and *Foster v. United States,* 344 F.2d 698 (6th Cir.1965).

 A district judge is free to refer a motion for pauper status to a magistrate and if the decision is to grant such a motion, the magistrate may enter such an order. If the decision is to deny, however, the magistrate must make such a recommendation to the district judge who will then take final action. 28 U.S.C. § 636(b)(1)(B).[2]

These two cases are REMANDED to the district court for a decision by the district judge as to whether pauper status should be denied. The remands are without prejudice to the plaintiffs' right to appeal in the event pauper status is denied.[3]

2. We note that the Application to Proceed in Forma Pauperis (AO form 240, Rev. 6/86) is consistent with our conclusion in that it provides a signature line for a magistrate to sign the order if the petition is granted but, if the petition is denied, the signature line on the order references only the district judge.

3. In *Ambrose v. Welch*, 729 F.2d 1084 (6th Cir. 1984), we held that an order denying pauper status to an applicant was not appealable since it was not clear whether the parties consented to the jurisdiction of the magistrate. 28 U.S.C. § 636(c)(1). However, in *Ambrose* the question of the propriety of the magistrate entering an order of denial was neither raised nor addressed. The issue of consent would seldom, if ever, be implicated in these proceedings since the application to proceed in pauper status must be granted before the suit is filed. Thus, at this stage of the proceedings there is really no opposite party able to consent.