**BUSINESS CREDIT LEASING, INC., Plaintiff,**

**v.**

**CITY OF BIDDEFORD and Biddeford School Dept., Defendants and Third–Party Plaintiffs,**

**v.**

**INSTRUCTIONAL SYSTEMS, INC., Third–Party Defendant.**

**Civ. No. 90–0282 P.**

United States District Court, D. Maine.

July 31, 1991.

Michael A. Nelson, Peter B. LaFond, Jensen Baird Gardner & Henry, Portland, Me., for Business Leasing, Inc.

Jerrol A. Crouter, Drummond Woodsum Plimpton & MacMahon, Portland, Me., for City of Biddeford.

Elizabeth G. Stouder, Richardson & Troubh, Portland, Me., and Robert E. Rochford, Dunn, Pashman, Sponzilli, Swick & Finnerty, Hackensack, N.J., for Instructional Systems, Inc.

## ORDER AFFIRMING MAGISTRATE'S RECOMMENDED DECISION ON MOTION TO SET ASIDE DEFAULT

GENE CARTER, Chief Judge.

■ On January 7, 1991 Third–Party Defendant, Instructional Systems Inc. (ISI), accepted service of Biddeford's third-party complaint. On January 30, 1991 default was entered. ISI filed a motion to set aside default, and on April 30, 1991 United States Magistrate Judge David M. Cohen issued his opinion denying the motion. ISI has objected to the Magistrate's Judge's decision and urges this Court to set aside the default. The Court held an evidentiary hearing on this matter and, in accordance with the requirements of 28 U.S.C. § 636(b)(1), has considered *de novo* the portions of the Magistrate's Judge's decision to which specific objection was made.[1]

The Magistrate Judge considered the six factors set forth in *Grover v. Commercial Ins. Co.*, 108 F.R.D. 366, 368 (D.Me.1985) as a guide to the exercise of the Court's discretion in such motions in determining whether to set aside the default here. These factors are: "(1) the excuse for the delay; (2) the existence of a meritorious defense; (3) prejudice to the other party; (4) the amount of money involved; (5) the good faith of the parties; and (6) the timing of the motion to set aside the default." *Id.* The Magistrate Judge found that ISI had not offered a justifiable excuse for the

---

1. The Court agrees with ISI that *de novo* review is mandated by the statute in this situation because in its ultimate effect this motion is dispositive of all ISI's defenses. *See Woods v. Dahlberg,* 894 F.2d 187 (6th Cir.1990) (finding denial of a motion to proceed *in forma pauperis* the functional equivalent of an involuntary dismissal and therefore outside the scope of the Magistrate's authority). The Court will, therefore, treat the Magistrate Judge's Memorandum of Decision as a Recommended Decision.

delay and that the near three week delay in moving to set aside the default was indicative of lack of diligence. He also found that the contract-interpretation defense put forth by ISI lacked any merit. These findings formed the basis for his decision and are the subject of challenge now before the Court.[2]

■ By affidavit and at the hearing herein, ISI presented evidence that from January 1991 through at least May 1991, the attorney charged with answering the complaint had, unbeknownst to himself and his law partners, been suffering from psychological problems that interfered with the performance of his duties.[3] The Court finds that these undetected psychological difficulties, which are now being treated, constitute a justifiable excuse for the failure to file a timely answer. The Court further finds, on the record as it has been supplemented, that the almost three week delay in filing motions to set aside default resulted from the attorney's psychological problems rather than from the lack of diligence and disregard of the court's procedural rules initially found by the Magistrate Judge.

In its objection to the Magistrate's decision, ISI did not initially specify that it wished review of the Magistrate Judge's determination of the absence of any meritorious defense. After Biddeford's response to the objection pointed out that ISI had failed to argue the existence of a meritorious defense, ISI filed a "Reply Memorandum" in which it argues that it indeed has a meritorious defense to the third-party complaint and had asserted it in its objection. The Court has reexamined ISI's objection and finds that it did not object to the Magistrate Judge's finding of no meritorious defense. Biddeford argues that the belated raising of the issue in a reply memorandum constitutes a waiver of objection.

The Court need not decide whether that is the case because a more fundamental waiver has occurred.

The third-party complaint alleges a breach of a contract executed in April 1989 by ISI and Biddeford whereby ISI undertook to provide and service a computer-assisted instructional pilot program within the Biddeford school system. The contract provided in part that "Biddeford has the right to cancel this agreement after the first year of operation. If Biddeford opts to cancel, Instructional Systems will take over the equipment lease and remove the equipment." The equipment lease to which the contract refers was entered into by Plaintiff Business Credit Leasing, Inc., (BCL) and Biddeford on September 7, 1989. In the principal claim in this action BCL alleges that Biddeford breached its payment obligations under the lease. In the third-party complaint, Biddeford alleges that ISI failed to assume the lease as required by the contract between those two parties.

■ Before the Magistrate Judge ISI argued that it had a meritorious defense to the Third-party Complaint because "under the contract between Biddeford and ISI, ... Biddeford was only permitted to cancel the contract and have ISI take over the contract under certain circumstances and conditions" which do not exist. Memorandum in Support of ISI's Motions for Leave to File Late Answer and to Set Aside the Default and in Opposition to Biddeford's Application for Default, at 1–2. ISI also argued: "In addition, another entity, Computer Curriculum Corporation ("CCC") interfered with the servicing of the Biddeford contract." *Id.* at 2. The Magistrate Judge found that ISI had not proffered a meritorious defense because the contract language was unambiguous and there was nothing in the contract that could be con-

---

**2.** The Magistrate Judge found that the case involved $500,000, a substantial amount of money and that there was no bad faith on ISI's part. Biddeford had conceded that it would not suffer substantial prejudice from the delay. None of these findings have been challenged, and the Court therefore accepts them.

**3.** The attorney's condition was not recognized by either him or his firm until on May 13, 1991, two other attorneys confronted him after they discovered he had lied to them about the issuance of the Magistrate Judge's decision. Therefore, this argument concerning the excuse for the delay could not have been presented to the Magistrate Judge for consideration.

strued to limit Biddeford's right to cancel the agreement after one year. The Magistrate Judge also rejected the undeveloped[4] ISI afterthought concerning contract interference.

In its reply memorandum and in its argument before this Court, ISI now argues that the interrelationship between the three agreements relating to the deal, its agreement with Biddeford, the lease between Biddeford and BCL, and a separate September 1989 remarketing agreement between BCL and ISI, creates substantial defenses for ISI. Reply Memorandum of Third–Party Defendant ISI in Support of its Objections to the Recommended Decision of the Magistrate and in Support of its Motion to Supplement the Record, at 11. The Magistrate's recent recommended decision on the primary claim in this case rejects Biddeford's defense that it had assigned its obligations under the lease to ISI on the grounds that assignment was not permitted under the terms of the lease agreement. ISI points to this decision as confirming its position that inconsistent obligations are imposed by the different agreements. Specifically, ISI argues that it was impossible for ISI to take over the equipment lease and that Biddeford had created "absent BCL's consent, an insuperable condition precedent to the exercise of Biddeford's cancellation option as to the equipment lease." *Id.* at 12.

 This argument that somehow a meritorious defense exists through operation of all three contracts was never raised before the Magistrate Judge. ISI argued solely that the contract language in the contract between ISI and Biddeford concerning cancellation is ambiguous because it does not address "when or why Biddeford can elect to cancel." Third–Party Defendant ISI's Memorandum in Reply to Defendant Biddeford's Memorandum in Opposition to Motions to Set Aside Default and for Extension of Time to Answer, at 1. In support of this argument ISI proffered extrinsic affidavit testimony to resolve the purported ambiguity by showing that Biddeford's right to cancel was intended to go into effect only if funds were not available or if the system did not improve student performance. *Id.* This argument is about the clause in the ISI–Biddeford contract, which the Magistrate Judge correctly found to be unambiguous. The Court of Appeals has "h[e]ld categorically that an unsuccessful party is not entitled as of right to *de novo* review by the judge of an argument never seasonably raised before the Magistrate." *Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.,* 840 F.2d 985 (1st Cir.1988). Therefore, ISI has waived its right to present its rather vague argument concerning conflicting obligations under the three contracts.[5]

Although ISI has tried to argue that its theory was unavailable absent discovery because "ISI was not privy to whether BCL had consented in writing to an assignment by Biddeford," Reply Memo of Third–Party Defendant ISI in Support of Its Objections, at 13, that is patently not the case. The three contracts have all been in existence since 1989 and if ISI thought that their interrelationship provided a potential meritorious defense, that argument should have been raised before the Magistrate Judge. Similarly, although ISI suggests that it would have offered evidence on the pass-through of liability had the Magistrate

4. As this Court has often noted, "issues mentioned in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Carey v. M.S.A.D. # 17,* 754 F.Supp. 906 (D.Me.1990) (*quoting Collins v. Marina–Martinez,* 894 F.2d 474, 481 n. 9 (1st Cir.1990)).

5. The Court notes that in its seven page argument concerning the interrelationship of the three contracts, ISI, in violation of Local Rule 19(a) never cites any legal authority for the proposition that the Court can or should consider the contracts together. Nor does it suggest which State's law might apply—not an insignificant question since the lease is governed by Minnesota law and the ISI–Biddeford contract is governed by Maine law. The temporal distance between the contracts (almost five months) and the fact that ISI's attorney, Joseph Dunn, testified that ISI did not know the terms of the BCL–Biddeford lease until the beginning of this litigation make it unlikely, in any event, that ISI could have shown that the intent of the parties was that the different contracts be construed together.

Judge afforded it a hearing,[6] the Magistrate Judge was under no obligation to hold such a hearing when the written submissions to him provided no legal basis indicating the pertinence of such a hearing. Also, as suggested by Biddeford, if some legal reason for considering such extrinsic evidence had been put forward, ISI could have submitted the information explaining the contracts by affidavit. The Court accepts the Magistrate Judge's conclusion that ISI has proffered no meritorious defense.

 As the Magistrate Judge aptly stated: "Generally, a federal court will grant a motion under Rule 55(c) only after some showing is made that if relief is granted the outcome of the suit may be different than if the entry of default or the default judgment is allowed to stand." Magistrate Judge's Decision at 6 (*quoting* 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2697, at 525.) There has been no such showing made here. Although consideration of the other factors might militate in favor of vacating the entry of default, the Court agrees with the Magistrate Judge "that the unambiguous language of the contract would compel an identical outcome were this suit allowed to proceed on the merits." *Id.* at 8. The Court does not find that this is an appropriate case in which to reject the recommended decision of the Magistrate Judge and to set aside the default entered against ISI.

Accordingly, it is ORDERED that Third–Party Defendant ISI's objections to the Magistrate Judge's Recommended Decision are hereby GRANTED in part and DENIED in part as discussed in the foregoing opinion. The Court hereby ACCEPTS the Magistrate Judge's recommendation that Third–Party Defendant ISI's Motion to Set Aside Default be denied, and that motion is hereby DENIED.

SO ORDERED.

---

**6.** There is dispute about what type of hearing was requested by ISI and what its purpose might have been.