955 F.2d 43
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ralph WILLOUGHBY, Petitioner,
v.
Sammie D. BROWN, Director of Classification; Juanita
Gastons, Classification Supervisor; Helen Smith, Formerly
Classification Case Worker; Parker Evatt, Commissioner,
South Carolina Department of Corrections, Respondents.
 No. 91-8083.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 3, 1992.
Decided Feb. 19, 1992.
 
 On Petition for Permission to Appeal.
 Ralph Willoughby, petitioner pro se.
 Caroline E. Callison, Leventis, Strom & Wicker, Columbia, S.C., for respondents.
 PETITION DENIED.
 Before WIDENER, HAMILTON and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ralph Willoughby filed a 42 U.S.C. § 1983 (1988) action in the district court against numerous prison officials in May 1991. One of the named defendants, Helen Smith, did not file an answer to the complaint. In November 1991, Willoughby moved for entry of default against Smith, and Smith moved for an extension of time to answer the complaint. The magistrate judge granted Smith's motion for leave to file a late answer, thereby mooting Willoughby's motion for entry of default. Willoughby has filed a petition for permission to take an interlocutory appeal of the magistrate judge's order.
 
 
 2
 This Court only has jurisdiction to consider appeals brought under § 1292(b) if the district court certifies that the order appealed from "involves a controlling question of law" and that immediate appeal would "materially advance the ultimate termination of the litigation." The district court has not made such a certification here. Therefore, we deny Willoughby's petition for permission to appeal under § 1292(b).
 
 
 3
 Further, a magistrate judge's order entered, as this one was, under 28 U.S.C. § 636(b)(1)(A) (1988) is not appealable directly to this Court. Rather, the proper procedure is to seek reconsideration by the district court. 28 U.S.C. § 636(b)(1)(A); see Gleason v. Secretary of Health & Human Servs., 777 F.2d 1324 (8th Cir.1985); Ambrose v. Welch, 729 F.2d 1084 (6th Cir.1984). Therefore, this Court does not have jurisdiction over the appeal.
 
 
 4
 We deny the petition for permission to take an interlocutory appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 5
 PETITION DENIED.