992 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emory John CAVENDER, Plaintiff-Appellant,
v.
William SEABOLD; Herbert Mayfield; Alan Cox; Alan Brown;
B. McKinney; Sgt. Odom, Defendants-Appellees.
 No. 92-6587.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1993.
 
 Before KEITH and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Kentucky prisoner appeals a district court order requiring him to pay a partial filing fee. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On August 24, 1992, Emory John Cavender tendered a complaint under 42 U.S.C. § 1983 with a motion for leave to proceed in forma pauperis. On September 29, 1992, the district court granted Cavender's motion for pauper status and directed that the complaint be filed.
 
 
 3
 Meanwhile, on September 1, 1992, in an unrelated case filed by this same plaintiff, the magistrate judge convened a hearing to determine whether Cavender was a prolific pro se litigant who had abused his pauper status and whether limitations on filing future civil rights actions should be imposed. On September 24, 1992, as a result of that hearing, the magistrate judge imposed a three dollar partial filing fee and restricted Cavender to filing no more than one civil rights lawsuit in any ninety period following entry of that order. Cavender v. Seabold, Dist.Ct. Nos. C92-0152, C92-0167 (W.D.Ky. Sept. 24, 1992).
 
 
 4
 Defendants in the present case then moved to hold the case in abeyance pending the payment of the three dollar filing fee. The district court granted the motion; this appeal followed.
 
 
 5
 Upon review, we conclude that the imposition of the partial filing fee, under the circumstances presented in this case, was an abuse of the district court's discretion. See Phipps v. King, 866 F.2d 824, 825 (6th Cir.1988).
 
 
 6
 The district court is required to state its reasons for denying pauper status or requiring payment of a partial fee. Id. It appears from the record that the district court relied on the grounds asserted in defendants' motion. Because defendants essentially sought enforcement of an order imposed by a magistrate judge, the granting of their motion was an abuse of the district court's discretion.
 
 
 7
 A magistrate judge lacks authority to deny pauper status. Woods v. Dahlberg, 894 F.2d 187, 187 (6th Cir.1990) (per curiam). If a magistrate judge lacks authority to deny pauper status, thus requiring payment of the filing fee to avoid dismissal, id., a magistrate judge also lacks the authority to impose a partial filing fee. The recommendation to deny or revoke pauper status must be submitted for final action by the district court. Id. at 188. There is nothing in the record to show that the magistrate judge's decision in the prior case was subsequently adopted by the district court in that case.
 
 
 8
 Additionally, Cavender's argument has merit. A complaint tendered with a motion for leave to proceed in forma pauperis is deemed filed as of the date it is received by the district court. Dean v. Veterans Admin. Regional Office, 943 F.2d 667, 671 (6th Cir.1991), vacated on other grounds, 112 S.Ct. 1255 (1992). The present complaint should have been exempted from the filing fee requirement because it was received by the district court one month before the magistrate judge's order was entered.
 
 
 9
 Accordingly, the district court's order requiring payment of a partial filing fee is vacated and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.