IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11341
Conference Calendar
_____

STEVEN J. KADONSKY,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 96-CV-2969
--------------------

August 27, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Steven J. Kadonsky appeals from a judgment issued by the magistrate judge denying his claim for the return of currency seized and subsequently administratively forfeited by the Drug Enforcement Administration. For the reasons assigned, we dismiss the appeal for lack of appellate jurisdiction.

The statutory authority for a magistrate judge to adjudicate a matter is found in 28 U.S.C. § 636(c), which provides in pertinent part:

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

> (1) _Upon the consent of the parties_, a . . .
> magistrate [judge] . . . may conduct any or all
> proceedings in a jury or nonjury civil matter and order
> the entry of judgment in the case, when specially
> designated to exercise such jurisdiction by the
> district court or courts he serves....

(emphasis added). When a magistrate judge enters judgment pursuant to § 636(c)(1), the absence of the parties' consent and a reference (or special designation) order from the district court "results in a lack of jurisdiction (or at least fundamental error that may be complained of for the first time on appeal)." _United States v. Muhammad_, 165 F.3d 327, 330-31 (5th Cir. 1999) (internal citation and quotation marks omitted), _cert. denied_, 119 S. Ct. 1795 (1999).

A review of the record reveals that Kadonsky never consented to have this matter adjudicated by the magistrate judge. Although the Government signed a form consenting to have the magistrate judge decide this matter, Kadonsky did not. Nor does the record indicate that the district court referred the matter to the magistrate judge or otherwise specially designated her pursuant to § 636(c)(1). As a result, the magistrate judge lacked jurisdiction to enter judgment in this case. _See Muhammad_, 165 F.3d at 330-31.

The magistrate judge's order, therefore, is not a final and appealable one. Accordingly, this court is without jurisdiction, and the appeal is DISMISSED. _See Trufant v. Autocon, Inc._, 729 F.2d 308, 309 (5th Cir. 1984).

DISMISSED