United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10894
Conference Calendar

_____

TROY RANDELL EDMON,

                                        Plaintiff-Appellant,

versus

DALLAS COUNTY SHERIFFS DEPARTMENT;
JOHN DOE #1; JOHN DOE #2; JOHN DOE #3;
JAMES GRIGSON; GLENN THOMPSON; CHARLES STARK;
LENNIE BOLIN; JIM IVEY; WALTER HOFF,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-2463-R
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Troy Randell Edmon, Texas prisoner No. 857046, seeks this

court's permission to appeal in forma pauperis (IFP) from the

district court's dismissal of his 42 U.S.C. § 1983 complaint.

The district court dismissed as frivolous Edmon's claims against

the Dallas County Sheriff's Department, Dr. James Grigson, and

another unnamed physician, and it entered summary judgment in

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

favor of Dallas County Deputy Sheriffs Charles Stark, Glenn Thompson, Lennie Bolin, Jim Ivey, and Walter Hoff . The court denied Edmon permission to appeal IFP and certified that the appeal was not taken in good faith. By moving for IFP, Edmon is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

At the outset, we note that we have appellate jurisdiction even though Edmon's notice of appeal was premature and, thus, ineffective. See Trufant v. Autocon, Inc., 729 F.2d 308, 309 (5th Cir. 1984). Because Edmon's motion for IFP was filed during the period prescribed by FED. R. APP. P. 4(a)(1) for taking an appeal and it "clearly evince[d]" his intent to appeal the dismissal of his claims as to all defendants, we construe the motion as a valid notice of appeal. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987).

We reject Edmon's conclusional allegations of judicial bias as unsupported by the record. Edmon argues that Dr. Grigson wrongfully ordered his commitment to a mental hospital, where he was subjected to unconstitutional conditions of confinement. Edmon's challenge to Dr. Grigson's decision to order Edmon's commitment merely establishes a disagreement with the medical treatment Edmon received. Such a disagreement is not actionable under 42 U.S.C. § 1983. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Edmon did not raise his argument concerning substandard physical conditions in the district court. We

decline to address the argument for the first time on appeal because it involves factual issues that could have been resolved by the district court, had it been given an opportunity to do so. Kinash v. Callahan, 129 F.3d 736, 739 n.10 (5th Cir. 1997); Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995). Edmon's conclusional suggestion that the defendants conspired against him does not support a claim under § 1983. Babb v. Dorman, 33 F.3d 472, 476 (5th Cir. 1994).

Edmon has failed to show that his appeal involves "'legal points arguable on their merits (and therefore not frivolous).'" Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). His motion for IFP is DENIED and the appeal is DISMISSED. Baugh, 117 F.3d at 202 and n.24

The dismissal of this appeal counts as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Edmon is CAUTIONED that if he accumulates two more "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.