**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-2259**

_____

CHASE CARMEN HUNTER,

        Plaintiff – Appellant,

      v.

GERARD M. ROVENTINI, a/k/a Jerry M. Roventini; JOHN DOE;
THE NATIONAL ASSOCIATION OF INSURANCE COMMISSIONERS; THE
NATIONAL INSURANCE PRODUCER REGISTRY; ELEANOR KITZMAN,
Individually and in her Official Capacity as the
Commissioner of the Texas Department of Insurance; JULIA
RATHGEBER, Individually and in her Official Capacity as the
Commissioner of the Texas Department of Insurance; THE
TEXAS DEPARTMENT OF INSURANCE; DAVE JONES, Individually and
in his Official Capacity as The Commissioner of Insurance
of the California Department of Insurance; THE CALIFORNIA
DEPARTMENT OF INSURANCE; RAYMOND O. ANDERSON,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Louise W. Flanagan,
District Judge. (5:14-cv-00733-FL)

_____

**No. 15-1019**

_____

In Re: CHASE CARMEN HUNTER,

        Petitioner.

On Petition for Writ of Mandamus.
(5:14-cv-00733-FL)

Submitted:  March 27, 2015                    Decided:  June 3, 2015

Before DUNCAN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

No. 14-2259 dismissed in part, vacated in part, remanded, and petition denied; No. 15-1019 petition denied by unpublished per curiam opinion.

Chase Carmen Hunter, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

In these consolidated proceedings, Chase Hunter seeks to appeal the magistrate judge's order denying her leave to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915 (2012). Hunter also appeals the district court's order denying her motion to vacate the magistrate judge's IFP order. Finally, Hunter petitions this Court for writs of mandamus ordering the district court to edit the electronic docket designations of her submissions and to permit her to use its electronic filing system. After careful consideration, we dismiss Hunter's appeal of the magistrate judge's order, vacate the district court's order and remand for its determination of Hunter's IFP status, and deny Hunter's mandamus petitions.

First, we lack jurisdiction to review the magistrate judge's order. See 28 U.S.C. § 636(b)(1) (2012); Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co., Inc., 879 F.2d 809, 811 (4th Cir. 1989). We therefore dismiss Hunter's appeal from the order of the magistrate judge for want of jurisdiction.

We do have jurisdiction to review the district court's order denying Hunter's motion to vacate the magistrate judge's IFP order. We construe the district court's order as a denial of a motion for leave to proceed IFP, which is immediately appealable and reviewed for abuse of discretion. Roberts v.

3

United States District Court, 339 U.S. 844, 845 (1950) (appealability); O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990) (standard of review).

The magistrate judge, proceeding under 28 U.S.C. § 636(b) (2012), lacked the authority to issue an order denying Hunter leave to proceed IFP. See Woods v. Dahlberg, 894 F.2d 187, 187 (6th Cir. 1990) (per curiam) ("[A] denial of such a motion is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority."). While the district court did have such authority, it abused its discretion by applying a clearly erroneous standard of review to the magistrate judge's order rather than reviewing it de novo. The magistrate judge could do no more than issue a recommendation; as a result, the district court was required "to 'make a de novo determination of those portions of the magistrate judge's recommendation to which objection [was] made.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C.A. § 636(b)(1) (West 1993 & Supp. 2005) (internal alterations omitted)). Moreover, the district court properly considered its jurisdiction constrained by the fact that Hunter had noted an appeal from the magistrate judge's order. See Doe v. Public Citizen, 749 F.3d 246, 258 (4th Cir. 2014) ("Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a

4

district court of jurisdiction to rule on any matters involved in the appeal."). Thus, in Appeal No. 14-2259, we grant leave to proceed on appeal in forma pauperis, dismiss the appeal of the magistrate judge's order, vacate the district court's order denying Hunter's motion to vacate, and remand to allow the district court to rule on Hunter's IFP status.

As for Hunter's mandamus petitions, we note that mandamus is a drastic remedy to be used only in extraordinary circumstances. United States v. Moussaoui, 333 F.3d 509, 516-17 (4th Cir. 2003). Mandamus relief is available only when there are no other means by which the relief sought could be granted. Id. at 517. The party seeking mandamus relief bears the heavy burden of showing that she has no other adequate means to obtain the relief sought and that her entitlement to relief is clear and indisputable. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). We deny Hunter's mandamus petitions, as she has shown no indisputable right to relief in either instance.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 14-2259 DISMISSED IN PART,
VACATED IN PART, REMANDED,
AND PETITION DENIED
No. 15-1019 PETITION DENIED

5