**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6604**

ROGER EARL COLEY,

　　　　　Plaintiff - Appellant,

　　　v.

ERIC A. HOOKS; SGT. MR. LEWIS; OFFICER LOCKLEAR; MS. ALMOND,

　　　　　Defendants - Appellees.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Joe L. Webster, Magistrate Judge.  (1:18-cv-00361-TDS-JLW)

Submitted:  August 23, 2018　　　　　　　　　　Decided:  August 28, 2018

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Roger Earl Coley, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Earl Coley seeks to appeal the magistrate judge's order and recommendation to deny in forma pauperis status and dismiss Coley's action without prejudice. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The order Coley seeks to appeal is neither a final order nor an appealable interlocutory or collateral order.* *See* 28 U.S.C. § 636(b)(1) (2012); *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990) (per curiam); *Colo. Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879 F.2d 809, 811 (10th Cir. 1989). Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

* Although the district court dismissed the action without prejudice before we considered this appeal, the doctrine of cumulative finality does not cure the jurisdictional defect. *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 479 (4th Cir. 2015) (recognizing that doctrine of cumulative finality applies only where order appealed could have been certified under Fed. R. Civ. P. 54(b)); *see In re Bryson*, 406 F.3d 284, 288 (4th Cir. 2005) (noting that "a premature notice of appeal from a clearly interlocutory decision" cannot be saved under doctrine of cumulative finality (internal quotation marks omitted)).