# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2022

Lyle W. Cayce
Clerk

No. 21-40613

Humberto Rosales Cruz,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

---

Application for Certificate of Appealability from the
United States District Court for the Southern District of Texas
USDC No. 7:20-CV-305

---

Before Southwick, Graves, and Costa, *Circuit Judges*.

Per Curiam:*

Humberto Rosales Cruz, Texas prisoner # 01970936, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 petition challenging his conviction of attempted murder. The district court denied Cruz's petition after concluding it was time barred

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40613

under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Cruz also moves for an evidentiary hearing.

This court must examine the basis of its own jurisdiction, sua sponte, if necessary. *Trent v. Wade*, 776 F.3d 368, 387 (5th Cir. 2015). Unless otherwise authorized, a magistrate judge's report and recommendation does not constitute a final decision by the district court and is therefore not appealable under 28 U.S.C. § 1291. *Trufant v. Autocon, Inc.*, 729 F.2d 308, 309 (5th Cir. 1984). Here, Cruz filed his notice of appeal after the magistrate judge issued her report and recommendation but before the district court disposed of his § 2254 petition. Because the magistrate judge's order was not a final appealable decision, we lack jurisdiction to review it. *See* § 1291; *Trufant*, 729 F.2d at 309. Moreover, Cruz's premature notice of appeal was insufficient to confer jurisdiction on this court from the district court's order dismissing his petition as time barred. *See FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.*, 498 U.S. 269, 276-77 (1991); *see also United States v. Cooper*, 135 F.3d 960, 963 (5th Cir. 1998).

Accordingly, this matter is DISMISSED for want of jurisdiction. All motions are DENIED as moot.