**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-50192
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

KENIA J. COOPER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
_____
February 20, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

JERRY E. SMITH, Circuit Judge:


In 1992, Kenia Cooper pleaded guilty to conspiracy to import heroin in violation of 21 U.S.C. §§ 963 and 952. She was sentenced to imprisonment followed by supervised release. After serving her term of imprisonment, she violated the terms of her supervised release.

In February 1997, Cooper appeared before a federal magistrate judge for a supervised release revocation hearing. On February 13, 1997, the magistrate judge issued a report recommending that Cooper serve a new term in prison. Cooper failed to file any objection to the magistrate judge's proposed findings and recommendations

pursuant to 28 U.S.C. § 636(b).  On March 5, the district court adopted the report and recommendation, revoked Cooper's supervised release, and sentenced her to further incarceration.

On February 25, 1997, Cooper filed a notice of appeal to this court, challenging the term of her imprisonment.  Thus, Cooper filed her appeal *after* the magistrate judge had issued his report and recommendation but *before* the district court had issued a final judgment adopting the recommendation.  The question we must address, then, is whether we may exercise jurisdiction over this prematurely-filed appeal.

I.

A timely notice of appeal is necessary to the exercise of appellate jurisdiction.  *United States v. Robinson*, 361 U.S. 220, 224 (1960).  The applicable rule states:

> In a criminal case, a defendant shall file the notice of appeal in the district court within 10 days after the entry either of the judgment or the order appealed from, or of a notice of appeal by the Government.  A notice of appeal filed after the announcement of a decision, sentence, or orderSSbut before entry of the judgment or orderSSis treated as filed on the date of and after the entry.

FED. R. APP. P. 4(b).

By its plain terms, the first clause renders Cooper's appeal premature:  As Cooper concedes, a magistrate judge's report is not an appealable judgment*, see Trufant v. Autocon, Inc.*, 729 F.2d 308, 309 (5th Cir. 1984), so her appeal filed prior to the entry of the district court's order was premature.  The question, then, is whetherSSdespite its prematuritySSthe appeal was properly filed

2

according to the second sentence of rule 4(b), after the announcement but before the entry of an order.

## II.

Our attention is drawn to criminal cases in which notice of appeal was filed after the jury verdict but before the entry of a final judgment of conviction. *See, e.g., United States v. Winn*, 948 F.2d 145, 153-54 (5th Cir. 1991); *United States v. Cronan*, 937 F.2d 163, 164 (5th Cir. 1991). In such cases, the premature notice of appeal is effective to perfect the appeal as of the date the judgment is entered. *Id.* Similarly, in civil cases, appeal is proper where notice is filed after the district court rules from the bench but before the disposition is entered as a final judgment. *See, e.g., Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 378-79 (5th Cir. 1996); *American Totalisator Co. v. Fair Grounds Corp.*, 3 F.3d 810, 812-13 (5th Cir. 1993).

These cases fit squarely within the Supreme Court's mandateSSarticulated in the civil contextSSthat rule 4 "permits a notice of appeal from a non-final decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment." *FirsTier Mortgage Co. v. Investors Mortgage Co.*, 498 U.S. 269, 276 (1991). Although an appeal need not be from a final *judgment*, still it must be from a final *decision*.

It is no different for criminal appeals. Rule 4(a)(2),

3

applicable to civil actions, provides: "A notice of appeal filed after the court announces a decision or order but before the entry of the judgment or order is treated as filed on the date of and after the entry." FED. R. APP. P. 4(a)(2). Similarly, rule 4(b) states: "A notice of appeal filed after the announcement of a decision, sentence, or orderSSbut before entry of the judgment or orderSSis treated as filed on the date of and after the entry." FED. R. APP. P. 4(b). The almost identical language of rule 4(a)(2) and the second clause of rule 4(b) must be given the same meaning, so that the Supreme Court's interpretation in *FirsTier* of the former must apply equally to the latter.[1]

In *FirsTier*, the district court announced from the bench that it intended to grant summary judgment for the defendant. 498 U.S. at 270. The court delayed its entry of a final judgment, however, pending receipt of the defendant's proposed findings of fact and conclusions of law of and the plaintiff's objections. *Id*. at 270-71. The Court upheld jurisdiction over an appeal filed after the bench decision but before entry of the final judgment:

> Even assuming that the . . . bench ruling was not final because the district court could have changed its mind prior to entry of judgment, the fact remains that the bench ruling did announce a decision purporting to dispose of all of [the plaintiff/appellant's] claims. Had the judge set forth the judgement immediately following the bench ruling, and had the clerk entered the

---

[1] We apply the "normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning." *Sullivan v. Stroop*, 496 U.S. 478, 484 (1990) (internal quotations omitted) (*quoting Sorenson v. Secretary of Treasury*, 475 U.S. 851, 860 (1986) (*quoting Helvering v. Stockholms Enskilda Bank*, 293 U.S. 84, 87 (1934) (*quoting Atlantic Cleaners & Dyers, Inc. v. United States*, 286 U.S. 427, 433 (1932)))). Although not a statutory enactment, the same rule of construction guides our interpretation of the rules of procedure.

judgment on the docket, there is no question that the bench ruling would have been "final" under § 1291.

*Id.* at 277 (citation omitted).

Here, however, we are presented with a materially different situation. Unlike the bench ruling in *FirsTier,* the recommendation of a magistrate judge is not a final decision and does not in any way "dispose of" a party's claims.

The magistrate judge's report is nothing like a jury verdict or the oral disposition of a district judge, for the magistrate's role under § 636(b) is advisory, not adjudicatory. Any party may object to the magistrate judge's proposed findings and recommendations, and thereby compel the district court to review the subject of those objections *de novo*. 28 U.S.C. § 636(b)(1)(C). The judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*. The judge may receive more evidence on the matter, or recommit the matter to the magistrate judge with instructions. *Id.* In short, "the magistrate has no authority to make a final and binding disposition." *United States v. Raddatz*, 447 U.S. 667 (1980).

Systemic interests in the conservation of judicial resources dictate that a party must not appeal an order simply because he believes it will be adverse. Only where the appealing party is fully certain of the court's disposition, such that the entry of final judgment is predictably a formality, will appeal be proper. *Cf., e.g., American Totalisator*, 3 F.3d at 813 ("All that remained was the clerk's ministerial task of entering a Rule 58 judgment."). *FirsTier* allows premature appeals only where there has been a final

decision, rendered without a formal judgment.  Because a magistrate judge's report and recommendation can never be a final decision, Cooper's appeal therefrom was improper.

## III.

Our attention is also drawn to a line of Fifth Circuit cases that takes a much broader view of appellate jurisdiction.  In *Alcorn County, Miss. v. U.S. Interstate Supplies, Inc.*, 731 F.2d 1160 (5th Cir. 1984), this court concluded that, except in the narrow circumstances covered by rule 4(a)(4), "we may consider a premature appeal in those cases where judgment becomes final prior to disposition of the appeal."  *Id*. at 1166 (citing *Jetco Elec. Indus. v. Gardiner*, 473 F.2d 1228 (5th Cir. 1973)).  This rule was questioned but followed nevertheless in *Alcom Elec. Exch., Inc. v. Burgess*, 849 F.2d 964, 966-69 (5th Cir. 1988).

Although decisions subsequent to *FirsTier* have questioned whether the *Jetco-Alcorn-Alcom* line remains good law after that decision, none has found it necessary to decide the issue.  *See Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 379 n.5 (5th Cir. 1996); *Resolution Trust Corp. v. Northpark Joint Venture*, 958 F.2d 1313, 1317 n.5 (5th Cir. 1992).  Today we recognize that in light of *FirsTier*, this expansive view of appellate jurisdiction cannot survive.

*FirsTier* made plain that a premature notice of appeal operates as a valid one "only when a district court announces a decision that *would be* appealable if immediately followed by the entry of

6

judgment." 498 U.S. at 276. That rule is incompatible with this circuit's previous theory that a premature notice of appeal is valid wherever no post-judgment or post-trial motions, as set forth in rule 4(a)(4), have been filed. *Cf. Alcom*, 849 F.2d at 967. To the extent that our prior cases allowed appeal of non-final decisions, they are no longer good law in the wake of *FirsTier*.

The appeal is DISMISSED for want of jurisdiction.