**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 99-30171
Summary Calendar**

_____

**TRAVELERS PROPERTY CASUALTY CORPORATION,**

**Plaintiff-Appellee,**

**v.**

**PATRICK PENDERGRAFT, ET AL.,**

**Defendants,**

**KOURTNEY MARTIN,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Eastern District of Louisiana**
(98-CV-545-E)

September 17, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Kourtney Martin appeals the district court's granting of summary judgment to Travelers Property Casualty Corporation ("Travelers") and the district court's denial of her motion for reconsideration of the grant of summary judgment. Since her appeal of the summary judgment order was not timely, this court lacks jurisdiction to hear an appeal of the underlying judgment. Furthermore, although this court has jurisdiction over her appeal of the denial of the motion to reconsider, we find that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court did not abuse its discretion and, therefore, affirm.

In order for this court to have jurisdiction over the appellant's appeal, the appeal must be timely filed. See United States v. Cooper, 135 F.3d 960, 961 (5th Cir. 1998). Since Ms. Martin's motion to reconsider was filed more than ten days after the order granting summary judgment was entered, her Notice of Appeal was not timely to stay the 30 day period for notice of appeal of that order under Rule 4(a). See FED. R. APP. P. 4(a)(1)(A), 4(a)(4), and FED. R. CIV. P. 6(a). As a result, this court has jurisdiction to review only the motion for reconsideration. A post-judgment motion to reconsider is a Rule 60(b) motion if the motion is filed more than ten days after the underlying judgment is entered. See Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986). Ms. Martin's motion is, therefore, a Rule 60(b) motion, and the standard of review is abuse of discretion. See Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, 470 (5th Cir. 1998), cert. denied, 119 S. Ct. 1143 (1999); Bohlin Co. v. Bunning Co., 6 F.3d 350, 353 (5th Cir. 1993)(under the abuse of discretion standard, the court's decision need only be reasonable).

Having reviewed the record, this court finds that the district court reasonably found that the policy exclusion applied since: (1) assuming that the appellant is correct in arguing that Louisiana law applies, the rental agreement was a valid contract even though a minor was a party to the contract (see LA. CIV. CODE ANN. art. 1919 (West 1999)), and (2) a jet ski is a "watercraft" as that term is used in the insurance policy. Thus, the district

court did not abuse its discretion, and this court AFFIRMS.