IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40784
Conference Calendar

_____

RAUL GOMEZ ET AL.,

                                        Plaintiffs,

ERIC GLEN CHACHERE,

                                        Plaintiff-Appellant,

versus

W. WARNER, Senior Warden; O. PEREZ,
Assistant Warden; BALLARD, Health
Administrator; WAYNE SCOTT, Director,
Texas Department of Criminal Justice-
Institutional Division,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-93-CV-115
--------------------
April 11, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Eric Glen Chachere, Texas prisoner no. 583557, appeals the

judgment based upon the jury's verdict for the defendants

rendered in his 42 U.S.C. § 1983 civil rights case.

    Although neither party has questioned appellate

jurisdiction, this court, if necessary, must *sua sponte* examine

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the basis of its jurisdiction.  Williams v. Chater, 87 F.3d 702, 704 (5th Cir. 1996); Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987).  A timely notice of appeal is necessary to the exercise of appellate jurisdiction.  United States v. Cooper, 135 F.3d 960, 961 (5th Cir. 1998).  Chachere's first attempt to file a notice of appeal was ineffective because the request for appeal was secondary to his request to set aside judgment and for a new trial.  See Mosley, 813 F.2d at 660; see also Page v. DeLaune, 837 F.2d 233, 236-37 (5th Cir. 1988).

Chachere's second notice of appeal was not timely to appeal the underlying judgment or order denying his motion to set aside the judgment.  See Fed. R. App. P. 4(a)(1)(A).  It is timely only as to the district court's denial of Chachere's motion to reconsider a ruling the magistrate judge made denying Chachere an extension of time to file materials in support of his first notice of appeal.  Given that the first notice of appeal was ineffective, the issue is moot.  Chachere has thus filed no effective notice of appeal, and his appeal is dismissed for lack of jurisdiction.

APPEAL DISMISSED FOR LACK OF JURISDICTION.