**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-31013
Summary Calendar

DEBBIE GRIFFIN,

Plaintiff-Appellant,

VERSUS

PLAZA MORTGAGE COMPANY, INC.,

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Lousiana
(99-CV-3002)

May 18, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Debbie Griffin appeals the district court's judgment dismissing her claims against Plaza Mortgage Company ("Plaza") under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Equal Pay Act.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

We do not reach the merits of Appellant's case for lack of jurisdiction.

I.

Plaza hired Debbie Griffin to establish a telemarketing department and serve as the company's telemarketing manager. Timothy Smeltzer, chief executive officer of Plaza, reassigned Griffin to direct mail marketing manager and named Keith Culpepper as Griffin's replacement in the telemarketing department. Griffin filed suit in district court asserting causes of action under Title VII, the Age Discrimination in Employment Act, and the Equal Pay Act. Plaza filed its answer and asserted a counterclaim under Louisiana state law. Defendants moved for summary judgment on June 14, 2000. At the conclusion of the summary judgment hearing, the magistrate judge granted Plaza's motion concerning Griffin's Title VII and ADEA claims. The court ordered the parties to file supplemental summary judgment memoranda regarding Griffin's Equal Pay Act claim. After the court reviewed the parties' supplemental briefs, the magistrate judge entered an order granting Plaza's motion for summary judgment on Griffin's Equal Pay Act cause of action.

Griffin filed a notice of appeal on August 7, 2000. On August 9, the magistrate judge entered its judgment dismissing the causes of action set out in Griffin's complaint. The court did not make a dispositive ruling as to Plaza's state law counterclaim. The Clerk of Court erroneously closed the record. Upon realizing that

the district court did not certify its judgment as a final order under Rule 54(b), the parties entered into a consent decree in which Plaza agreed to a dismissal of its claim without prejudice in order to ensure that the original judgment was final for purposes of this Court's appellate jurisdiction.

## II.

As a court of limited jurisdiction, "[w]e have authority to hear appeals only from 'final decisions' under 28 U.S.C. § 1291, interlocutory decisions under 28 U.S.C. § 1292, nonfinal judgments certified as final under Federal Rule of Civil Procedure 54(b), or some other nonfinal order or judgment to which an exception applies." *Briargrove Shopping Center Joint Venture v. Pilgrim Enter., Inc.*, 170 F.3d 536, 538 (5th Cir. 1999). We must first determine whether the district court's judgment was final for purposes of § 1291.

The litigants insist that the consent decree dismissing Plaza's claim without prejudice caused the district court's judgment disposing of Griffin's complaint to become the final judgment for purposes of § 1291. Federal Rule of Civil Procedure 54(b) states:

When more than one claim for relief is presented in an action, whether as a claim, *counterclaim*, cross-claim, or third-party claim, . . . the court may direct the entry of a final judgment as to one or more but fewer than all

3

the claims . . ..

Fed. R. Civ. P. 54(b) (emphasis added).  Rule 54(b) allows a district court to certify a judgment disposing of less than all the claims in a case as a partial final judgment.  Rule 54(b) sets out the procedure through which an order may become a final decision under § 1291 when a case is not fully adjudicated.

The magistrate judge entered judgment dismissing Griffin's complaint without disposing of Plaza's counterclaim.  Therefore, the judgment was not a final decision disposing of all the claims and parties under § 1291.  *See Cold Metal Process Co. v. United Eng'g & Foundry Co.*, 351 U.S. 445 (1956).  The subsequent consent decree did not transform the judgment into a final decision.  *See Heimann v. Snead*, 133 F.3d 767, 769 (10th Cir. 1998).  Rule 54(b) was Griffin's sole basis for appeal unless some other recognized exception applied.  *See id*.

In order for a judgment to be final under Rule 54(b), the judgment must ultimately dispose of an individual claim, and the district court must expressly determine that there is no reason for delay.  *See* Fed. R. Civ. P. 54(b); *Curtis-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7-8 (1980); *Pilgrim Enterprises, Inc.*, 170 F.3d at 539.  Although the rule requires an "express determination that there is no reason for delay," we have said that a judgment satisfies the requirements of Rule 54(b) if the judgment complies with the following standard:

4

> If the language in the order appealed from, either independently or together with related portions of the record referred to in the order, reflects the district court's unmistakable intent to enter a partial final judgment under Rule 54(b), nothing else is required to make the order appealable. We do not require the judge to mechanically recite the words "no just reason for delay."

*Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc). The judgment entered on August 9, 2000 did not expressly certify the judgment under Rule 54(b) or contain language that would reflect the magistrate judge's intent to enter a partial final judgment. The judgment referred to the court's order granting Plaza's motion for summary judgment. Like the judgment, the order did not reveal an unmistakable intent to certify the judgment as a partial final judgment. Therefore, the judgment was neither a final decision under § 1291 or certified as a partial final judgment under Rule 54(b).

The only conceivable exception to the finality requirement that applies to Griffin's appeal is the exception for cumulative orders or judgments that culminate into a final decision after a litigant files a notice of appeal. *See generally* 15A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, et al., FEDERAL PRACTICE AND PROCEDURE § 3914.9 (2d ed. 1991). Under Rule 4(a)(2) of the

5

Federal Rules of Appellate Procedure, "a premature notice of appeal relates forward to the date of entry of a final 'judgment' only when the ruling designated in the notice is a [nonfinal] 'decision.'" *Firstier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 274 n.4 (1991). "Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment." *Id.* at 276. *See also United States v. Cooper*, 135 F.3d 960, 963 (5th Cir. 1998).

Griffin filed her notice of appeal on August 7, 2000 following the magistrate judge's second order granting Plaza's motion for summary judgment. On August 9, the court entered its judgment dismissing Griffin's complaint. If the August 9 judgment was a final decision, then Rule 4(a)(2) would render Griffin's notice of appeal timely. However, the judgment of the court was not final. Rule 4(a)(2) therefore cannot cure Griffin's premature notice of appeal.

Because the consent decree had no affect on the finality of the court's decision and the judgment did not satisfy the requirements of Rule 54(b), we lack jurisdiction to consider Griffin's appeal.

DISMISSED