IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-20152

_____

LA BANQUE SOCIETE GENERALE; LA BANQUE DE NEUFLIZE
SCHLUMBERGER MALLETT,

                                        Plaintiffs-Appellees,
                              versus

BUTAN VALLEY N V,

                                        Defendant-Appellant.

_____

LA BANQUE SOCIETE GENERALE; LA BANQUE DE NEUFLIZE
SCHLUMBERGER MALLETT,

                                        Plaintiffs-Appellees,
                              versus

SHEIKH ABDILLAH OTHMAN ABDULLAH AL-KASABI,

                                        Defendant-Appellant.

_____

No. 00-20153

_____

LA BANQUE SOCIETE GENERALE; LA BANQUE DE NEUFLIZE
SCHLUMBERGER MALLETT,

                                        Plaintiffs-Appellees,
                              versus

BUTAN VALLEY N V,

                                        Defendant-Appellant.

_____

LA BANQUE SOCIETE GENERALE; LA BANQUE DE NEUFLIZE
SCHLUMBERGER MALLETT,

                                        Plaintiffs-Appellees,
                              versus

SHEIKH ABDILLAH OTHMAN ABDULLAH AL-KASABI,

                                          Defendant-Appellant.

_____

Appeals from the United States District Court
For the Southern District of Texas
(H-98-CV-2118 & H-99-CV-560)

_____

May 24, 2001

Before HIGGINBOTHAM, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellees contend that Appellants filed premature notices of appeal, depriving this Court of jurisdiction. We agree and now dismiss these appeals.

The appeals before this Court were not taken from a final appealable judgment.[1] The district court's January 21, 2000 orders did not resolve Appellees' claims for declaratory judgment and enforcement of the arbitration award against Butan Valley. Nor did the February 4, 2000 "Final Judgment" finally dispose of the remaining issues and parties, as the district court later recognized. The court also did not enter a certification under Rule 54 or 28 U.S.C. § 1292(b).

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See* 28 U.S.C. § 1291 (2001).

The "extraordinarily limited" scope of the collateral doctrine provides no refuge for Appellants.[2] Enforcement of the award against Al-Kasabi does not resolve an issue completely separate from the merits of the declaratory judgment and enforcement claims asserted against Butan Valley. For instance, Appellees' alter ego argument is central to their response to Appellants' contention that the district court lacked personal jurisdiction over Al-Kasabi. In addition, the merits of the confirmation order could be reviewed on appeal alongside the declaratory judgment and enforcement claims.[3]

Subsequent actions taken by the district court did not "cure" these defects. Rule 4(a)(2) of the Federal Rules of Appellate Procedure "permits a notice of appeal from a non-final decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment."[4] The court's Order for Summary Judgment on March 21, 2001 ostensibly disposed of the remaining issues in these cases.[5] However, this order was not

---

[2] *See Pan Eastern Exploration Co. v. Hufo Oils*, 798 F.2d 837, 839 (5th Cir. 1986).

[3] *See id.*

[4] *FirsTier Mortgage Co. v. Investors Mortgage Co.*, 498 U.S. 269, 276 (1991).

[5] Appellees contend that even this order lacked the requisite finality. We need not decide this question, however, as the appeals must be dismissed regardless.

3

merely a formal, ministerial entry of the January 21, 2000 orders.[6] Indeed, the summary judgment order disposed of issues not resolved or properly addressed by the court on January 21, 2000. As the notices of appeal were prematurely filed, our Court has no jurisdiction.[7] We must therefore DISMISS the instant appeals.[8]

DISMISSED.

---

[6] *See United States v. Cooper*, 135 F.3d 960, 963 (5th Cir. 1998).

[7] *See id.*

[8] We note that the district court entered yet another judgment in this case on April 24, 2001. This latest judgment appears to be a final judgment. That the Appellants filed the appeal pending before us prematurely does not foreclose their ability to appeal from this most recent judgment. Moreover, with respect to this April 24 judgment, the Appellees apparently have pending before the district court a "Motion to Correct Final Judgment." Such motions may suspend the time for filing a notice of appeal. *See* FED. R. APP. P. 4(a)(4)(A) (West 2001); *Madison v. Vintage Petroleum, Inc.*, 114 F.3d 514, 516 (5th Cir. 1997).