UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30486
Summary Calendar

_____


STAR INSURANCE CO.,

Plaintiff-Appellee,

versus

LIVESTOCK PRODUCERS INC.; GEORGE RONALD STRATTON,

Defendants-Appellants.

_____

RONNIE STRATTON, doing business as Livestock Producers Inc.;
LIVESTOCK PRODUCERS INC.,

Plaintiffs-Appellants,

versus

MEADOWBROOK INC., ET AL.,

Defendants,

STAR INSURANCE CO.,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Western District of Louisiana
Civil Docket Nos.: 99-CV-2, 99-CV-102

_____

March 19, 2002


Before JOLLY, JONES and SMITH, Circuit Judges.

PER CURIAM:[*]

In November 2001, this court remanded to clarify whether the district court had entered a final decision. The district court concluded that it had not done so and later entered a final judgment. The appellants did not file a second notice of appeal. The only such notice in the record was filed to precipitate the original appeal -- and remand -- on April 17, 2001. Although the parties do not appear to have raised the issue, we must examine the basis of our jurisdiction <u>sua sponte</u> when necessary. <u>United States v. Cronan</u>, 937 F.2d 163, 164 (5th Cir. 1991). We conclude that we lack jurisdiction over this appeal.

"A timely notice of appeal is necessary to the exercise of appellate jurisdiction." <u>United States v. Cooper</u>, 135 F.3d 960, 961 (5th Cir. 1998). Fed. R. App. P. 4(a)(2), which applies to civil actions, provides: "A notice of appeal filed after the court announces a decision or order -- but before the entry of the judgment or order -- is treated as filed on the date of and after the entry." Thus "in civil cases, appeal is proper where notice is filed after the district court rules from the bench but before the disposition is entered as a final judgment." <u>Cooper</u>, 135 F.3d at 962. Cases standing for this proposition "fit squarely within the

[*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Supreme Court's mandate -- articulated in the civil context -- that Rule 4 'permits a notice of appeal from a non-final decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that <u>would be</u> appealable if immediately followed by the entry of judgment.'" <u>Id.</u> (quoting <u>FirsTier Mortgage Co. v. Investors Mortgage Co.</u>, 498 U.S. 269, 276, 111 S.Ct. 648, 653 (1991) (emphasis in original)).[1] "Systemic interests in the conservation of judicial resources dictate that a party must not appeal an order simply because he believes it will be adverse. Only where the appealing party is fully certain of the court's disposition, such that the entry of final judgment is predictably a formality, will appeal be proper. <u>FirsTier</u> allows premature appeals only where there has been a final decision, rendered without a formal judgment." <u>Id.</u> at 963 (citation omitted).[2]

The notice of appeal filed in this case was from the district court's order of March 26, 2001. This order did two

---

[1] Earlier decisions of this court had held that a premature notice of appeal would be valid whenever no post-judgment or post-trial motions, as set forth in Fed. R. App. P. 4(a)(4), had been filed. In <u>Cooper</u>, 135 F.3d at 963, this court held that <u>FirsTier</u> implicitly overruled those earlier decisions.

[2] <u>See</u> <u>Williams v. Roberts</u>, 116 F.3d 1126, 1127 & n.3 (5th Cir. 1997) (when plaintiff-appellant had filed premature notice of appeal, district court had not yet announced its decision or order, and thus appeal would not be treated as filed after date of district court's order dismissing his case; dismissing appeal for lack of jurisdiction).

things.  First, it affirmed a magistrate judge's ruling denying the appellants' motion for leave to file a second amended complaint. The magistrate judge had denied this motion as moot because the district court had already granted partial summary judgment for the appellees.  Second, the order gave the parties thirty days to reach agreement on the amount of fees to be awarded.

After the notice of appeal was filed, this court remanded.  The district court then issued a "Clarification and Order Pursuant to Remand" dated November 15, 2001.  In this order, the district court described the initial appeal filed in this case as "premature[]" and "improper[]" and concluded that its March 26 order had not squarely addressed the appellants' claim against appellee Star Insurance Company for "bad faith settlement practices."  To remedy this omission, the district court explicitly denied, as both moot and untimely, their motion for leave to file a second amended complaint.  The court stated that its order was not a final judgment because "the issue of attorney fees is still unresolved" and again gave the parties thirty days to reach agreement on attorney's fees.  Later, on November 30, 2001, the court ordered that a final judgment be entered, stating that the fees issue and all other matters in the case had been decided by consent of the parties.

No further notice of appeal has been filed.

4

"FirsTier allows premature appeals only where there has been a final decision, rendered without a formal judgment." Cooper, 135 F.3d at 963. The district court's March 2001 decision was not a final decision, and the April 2001 notice of appeal was premature and invalid. This court lacks jurisdiction over the appeal.

No injustice is done to the appellants by this conclusion. This court's remand put the parties on notice of the possibility that their appeal was premature and invalid because the March 26 order was not final, and that this court therefore lacked jurisdiction. The district court's orders on remand made crystal clear (if the litigants did not know it already) that the appellants had appealed too early -- i.e., that on March 26, 2001, the litigants could not be "fully certain of the court's disposition, such that the entry of final judgment "[wa]s predictably a formality." Cooper, 135 F.3d at 963. A prudent litigant seeking to appeal would have filed a notice of appeal after the entry of final judgment on November 30.

Appeal **DISMISSED** for want of jurisdiction.