United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-60680
Summary Calendar

———————————

VIRGINIA H. JONES; SCOTT MCCAY; BETTYE MCCAY; RICHARD STAMM;
ROY JONES; LAURA JONES; JAMES CRAIG; ANITA CRAIG; JOEL DRUMMOND;
AMY DRUMMOND; JUDY STAMM,

                                        Plaintiffs-Appellees,

versus

BELHAVEN COLLEGE; CITY OF JACKSON, MISSISSIPPI,

                                        Defendants-Appellants.

---------------------
Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CV-874
---------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Belhaven College (College) and the City of Jackson,

Mississippi (City), appeal the district court's order extending a

temporary restraining order (TRO) until the district court could

hold a hearing on whether the court had subject-matter

jurisdiction over the case following removal.  This court must

examine the basis of its jurisdiction on its own motion if

necessary.  Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The continuation of a TRO without the consent of the parties beyond that twenty-day maximum in FED. R. CIV. P. 65 has the same practical effect as a preliminary injunction and may be treated as a preliminary injunction. Sampson v. Murray, 415 U.S. 61, 86-88 (1974). Because the district court's extension of the TRO had the same practical effect as the granting of a preliminary injunction, it is immediately appealable under 28 U.S.C. § 1292(a)(1).

The City did not file a notice of appeal within 30 days after the entry of the district court's order as required by FED. R. APP. P. 4(a). Because a timely notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction, we do not have jurisdiction to consider the City's appeal. See United States v. Cooper, 135 F.3d 960, 961 (5th Cir. 1998).

The College argues that the district court abused its discretion in extending the TRO without holding an evidentiary hearing. The district court did not abuse its discretion extending the TRO as the court had the inherent authority to preserve the status quo until the question of its jurisdiction could be resolved. See United States v. United Mine Workers of America, 330 U.S. 258, 292-93 (1947); United States v. Hall, 472 F.2d 261, 265 (5th Cir. 1972).

The College argues that removal of the action was proper because the homeowners alleged an equal protection claim which created federal question jurisdiction. In this case, a federal

question was presented on the face of the homeowners' complaint and, therefore, removal was proper.  See Sam v. Majors Jewelers v. ABX, Inc., 117 F.3d 922, 924 (5th Cir. 1997).  However, the district court has discretion to remand the entire case, both state and federal claims, if state law predominates.  Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 328 (5th Cir. 1998); 28 U.S.C. § 1441(c).  Therefore, this case is remanded to the district court for a determination whether it will exercise its discretion to consider this case, or whether it will remand the entire case if it determines that state law predominates. The Homeowners' request for sanctions is DENIED.

AFFIRMED; REQUEST FOR SANCTIONS DENIED; REMANDED FOR FURTHER PROCEEDINGS.