United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50822
Conference Calendar

JOHNNIE R. PROPES,

                                        Plaintiff-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION; MARK DIAZ, Warden; DEAN
DUERKSEN, Dr.; WILLIAM GONZALES, Dr.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:04-CV-14
--------------------

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Johnnie R. Propes, Texas state prisoner # 1178904, has moved
for leave to proceed in forma pauperis (IFP) on appeal following
the district court's certification pursuant to 28 U.S.C.
§ 1915(a)(3) that his appeal was not taken in good faith.

    Because his notice of appeal was filed after the magistrate
judge issued his report and recommendation but before the
district court had issued its final ruling, Propes sought to

-----

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal the magistrate judge's report and recommendation.  The district court denied Propes leave to proceed IFP on appeal, finding that, because the case was still pending before it, the appeal was not proper and not taken in good faith.

A premature notice of appeal is valid only when the order appealed from announces a decision that would be appealable if it were immediately followed by the entry of judgment.  FirsTier Mortg. Co. v. Investors Mortg. Ins. Co., 498 U.S. 269, 276-77 (1991); see also United States v. Cooper, 135 F.3d 960, 963 (5th Cir. 1998).  Even if it were immediately followed by the entry of judgment, the magistrate judge's report and recommendation was not appealable.  See Cooper, 135 F.3d at 962-963; see also Trufant v. Autocon, Inc., 729 F.2d 308, 309 (5th Cir. 1984).  As such, Propes's notice of appeal was insufficient to confer jurisdiction on this court.  See FirsTier, 498 U.S. at 276-77; see also Cooper, 135 F.3d at 962-63.  Because Propes seeks to appeal a nonappealable order, his appeal has no arguable basis in law or fact and, therefore, is frivolous.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).  Moreover, as Propes failed to address the district court's stated grounds for certifying that his appeal was not taken in good faith, he has waived the issue. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Accordingly, Propes's request for leave to proceed IFP on appeal is DENIED and the appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24; 5th Cir. R. 42.2. We earlier dismissed as frivolous Propes's appeal in Propes v. Collin County Sheriff's Office, 04-40430 (5th Cir. Oct. 20, 2004). Our dismissal of the appeal as frivolous and the district court's dismissal of the suit in that case as repetitive count as two strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).

Because Propes has accumulated at least three strikes under 28 U.S.C. § 1915(g), he is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). We caution Propes to review his pending appeals and withdraw any that are frivolous.

Propes's motions for the appointment of counsel on appeal and for an order directing prison officials to tender to him a copy of his medical records are DENIED.

IFP DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.