# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————

No. 16-11436

—————

United States Court of Appeals
Fifth Circuit

**FILED**

November 29, 2017

Lyle W. Cayce
Clerk

In the Matter of: LIFE PARTNERS, INCORPORATED

       Debtor

PHILIP M. GARNER, and all other similarly situated; CHRISTINE DUNCAN; STEVE SOUTH, as Trustee for, and on behalf of South Living Trust; MICHAEL ARNOLD; JANET ARNOLD; DOCTOR JOHN S. FERRIS; REORGANIZED LIFE PARTNERS, INCORPORATED, formerly known as Life Partners, Incorporated, ET AL

       Appellees

v.

PILLAR LIFE SETTLEMENT FUND I, L.P., PILLAR II LIFE SETTLEMENT FUND, L.P., PILLAR 3 LIFE SETTLEMENT FUND, L.P., PILLAR 4 LIFE SETTLEMENT FUND, L.P., PILLAR 5 LIFE SETTLEMENT FUND, L.P., ET AL

       Appellants

—————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CV-212

—————————

No. 16-11436

Before BARKSDALE, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

This appeal arises from the approval of a bankruptcy proceeding's Settlement Agreement and class certifications. While this appeal was pending, the bankruptcy court entered a chapter 11 confirmation order, effectuating the Settlement Agreement. For the following reasons, the Pillar Funds's appeal is dismissed as moot.

**I**

Life Partners, Inc. ("LPI") was a wholly-owned subsidiary of Life Partners Holdings, Inc. ("LPHI"). LPI acquired, marketed, and sold investment products known as "viatical settlements" or "life settlements." LPI created a life settlement by contracting with the holder of a life insurance policy ("insured") to purchase his interest in the policy. The insured would make LPI the owner of the policy in exchange for a lump-sum cash payment that was less than the policy's death benefit. In essence, a life settlement is an arrangement where an insured—often diagnosed with a terminal illness—sells her policy for less than its full value to benefit from the proceeds while alive.

LPI then marketed and sold to investors a percentage of the life settlements ("fractional interests"). LPI did not register the investments as securities under the Texas or federal securities laws. Michael Arnold, Janet Arnold, Dr. John S. Ferris, Christine Duncan, and Steven South as Trustee for and on behalf of South Living Trust (collectively, "Arnold Plaintiffs") filed a class action against LPI in Texas state court ("Arnold State Court Action"), alleging that LPI sold unregistered securities in violation of the Texas

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11436

Securities Act ("TSA"). The Arnold Plaintiffs sought rescission as well as attorneys' fees, costs, and interest. The trial court concluded that life settlements were not securities and dismissed the suit. The Dallas Court of Appeals reversed, holding that life settlements were securities as a matter of law. *Arnold v. Life Partners, Inc.*, 416 S.W.3d 577, 588 (Tex. App.–Dall. 2013). The Texas Supreme Court unanimously affirmed—life settlements are securities under the TSA. *See Life Partners, Inc. v. Arnold*, 464 S.W.3d 660, 682–83 (Tex. 2015).

LPHI voluntarily commenced chapter 11 bankruptcy while the Arnold State Court Action was pending in the Texas Supreme Court. The bankruptcy court affirmed the U.S. Trustee's appointment of H. Thomas Moran as the chapter 11 trustee ("Trustee"). The Trustee filed petitions for chapter 11 bankruptcy for LPI and another Life Partners company, which were the operating subsidiaries of LPHI. The bankruptcy court then consolidated these proceedings (collectively, "Bankruptcy Cases"). It also lifted the automatic stay so the Texas Supreme Court could render its decision in the Arnold State Court Action.

Philip M. Garner, Duncan, and South (collectively, "Garner Plaintiffs") filed an adversary proceeding in the Bankruptcy Cases on behalf of a class of LPI investors, seeking a declaration that: (1) the class members were the beneficial owners of the life settlements; and (2) the life settlements were not part of LPI's bankruptcy estate ("Garner Class Adversary"). The parties and the district court referred to the dispute regarding the ownership of the life settlements as the "Ownership Issue." The resolution of the Ownership Issue was complicated by the fact that most investors purchased fractional interests in life settlements from LPI, rather than whole life insurance policies.

The Arnold Plaintiffs filed a second adversary proceeding in the Bankruptcy Cases ("Arnold Class Adversary"). The Arnold Plaintiffs asserted

No. 16-11436

claims under the TSA on behalf of a class of LPI investors for rescission of their purchases of life settlements. They also sought attorneys' fees, costs, and interest. The Garner Plaintiffs and the Arnold Plaintiffs (collectively, "Named Plaintiffs") later moved to consolidate the Garner Class Adversary and the Arnold Class Adversary, which the bankruptcy court granted ("Consolidated Class Adversary"). The district court then withdrew the automatic reference to the bankruptcy court, and the Consolidated Class Adversary was filed in district court.

The Trustee, the Official Committee of Unsecured Creditors ("Committee"), and the Named Plaintiffs announced the general terms of a settlement to resolve the Consolidated Class Adversary. After the parties announced the settlement, Pillar Life Settlement Fund I, L.P., Pillar II Life Settlement Fund, L.P., Pillar 3 Life Settlement Fund, L.P., Pillar 4 Life Settlement Fund, L.P., Pillar 5 Life Settlement Fund, L.P., Evergreen Lifeplan Fund L.P., Evergreen II Lifeplan Fund L.P., Evergreen III Fund LLC, and Black Diamond Lifeplan Fund L.P. (collectively, "Pillar Funds") filed their own adversary proceeding in the Bankruptcy Cases, seeking to settle the Ownership Issue ("Pillar Adversary"). The bankruptcy court abated the Pillar Adversary.

The Trustee, the Committee, and the Named Plaintiffs then finalized and filed a settlement agreement ("Settlement Agreement") to resolve the Consolidated Class Adversary. The Settlement Agreement sought certification for two settlement classes: (1) the ownership settlement subclass; and (2) the rescission settlement subclass. Both settlement classes were defined as

> [a]ll persons or entities . . . who purchased and hold, as of the Plan Effective Date, securities issued or sold by LPI . . . related to viatical settlements or life settlements, regardless of how the investments were denominated . . . and who are Current

No. 16-11436

Position Holders under the Plan, regardless of whether or not a claim was filed by a class member.

LPI and all affiliated entities, Linda Robinson-Pardo, Paget Holdings Ltd., and "investors whose only investments relate to Pre-Petition Abandoned Interests under the Plan" were excluded from the settlement classes. "Qualified Plan Holders" and "all persons and entities listed on Appendix A" to the Settlement Agreement were additionally excluded from the rescission settlement subclass.

In the Settlement Agreement, LPI agreed to waive any claims to beneficial ownership in the life settlement securities held by settlement class members who elected to retain their fractional interests. LPI also agreed to seek to reorganize in bankruptcy consistent with the Settlement Agreement and to an injunction prohibiting future sales of unregistered securities. In exchange, the Settlement Agreement provided settlement class members three options: (1) Continuing Position Holder Election; (2) Position Holder Trust Election; and (3) Creditors' Trust Election.

First, a class member who chose the Continuing Position Holder Election would retain 95 percent of its fractional interest in life settlements in exchange for a five percent contribution to the Position Holder Trust. He would be obligated to continue paying policy premiums. Second, a class member who chose the Position Holder Trust Election would assign his interest to the Position Holder Trust in exchange for a corresponding interest in the Position Holder Trust and relief from his obligation to pay policy premiums and fees. Third, a class member who chose the Creditors' Trust Election would rescind the purchase of his life settlements in exchange for a corresponding interest in the Creditors' Trust—a post-confirmation litigation trust—and relief from his obligation to pay policy premiums and fees. Under the Settlement Agreement, a class member who did not select an option would be treated as if he chose the Continuing Position Holder Election.

5

No. 16-11436

The parties sought and received preliminary approval of the Settlement Agreement from both the bankruptcy court and the district court. The parties served class notice on all settlement class members. The parties then jointly moved for class certification, for final approval of the Settlement Agreement, and to appoint class counsel and representatives. The Pillar Funds objected to class certification and to the Settlement Agreement. The district court referred the matter to the bankruptcy court to conduct a hearing. The bankruptcy court held a hearing, reviewed the Pillar Funds's objections, and issued a report recommending that the district court certify the settlement classes and grant final approval of the Settlement Agreement.

The district court certified the settlement classes, holding that they met the requirements for certification under Federal Rule of Civil Procedure 23(a) and (b)(2). It concluded that the Settlement Agreement was "fair, reasonable, and adequate." The district court adopted the bankruptcy court's findings of fact and conclusions of law, granted the parties' joint motion for final approval of the Settlement Agreement, and entered judgment approving the Settlement Agreement.

The Pillar Funds appeal the district court's order certifying the classes approving the Settlement Agreement. The Pillar Funds argue that the district court erred by certifying the class actions pursuant to Rule 23(b)(2) and approving the Settlement Agreement. Reorganized Life Partners Inc., Eduardo S. Espinosa, and Alan M. Jacobs (collectively, "New LPI"), as well as the Named Plaintiffs, oppose the Pillar Funds's appeal. Importantly, they did not seek a stay of the reorganization plan, and the bankruptcy court entered a chapter 11 confirmation order while this appeal was pending. The Pillar Funds did not appeal the bankruptcy court's confirmation order. As conceded by the Pillar Funds, the plan has been substantially consummated.

No. 16-11436

## II

This court reviews a district court's ruling regarding class certification for abuse of discretion. *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 638 (5th Cir. 2012) (citing *Ordonez Orosco v. Napolitano*, 598 F.3d 222, 225 (5th Cir. 2010)). "We review *de novo* whether the district court applied the correct legal standards." *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 836 (5th Cir. 2012) (quoting *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 523 (5th Cir. 2007)). This court reviews a district court's approval of a class settlement for abuse of discretion. *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982).

## III

The Named Plaintiffs argue that the Pillar Funds's appeal is moot under Article III because "[t]he bankruptcy court's confirmation order extinguished all claims against LPI." "An actual case or controversy must exist at every stage in the judicial process." *Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008). A claim becomes moot if "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 365 (5th Cir. 2003)). "[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

The Pillar Funds concede that they did not appeal the bankruptcy court's confirmation order. The question is thus whether the confirmation order "makes it impossible for the court to grant 'any effectual relief whatever'" to the Pillar Funds. *Church of Scientology*, 506 U.S. at 12. The Pillar Funds argue only that the Settlement Agreement provides for rescission if the district

7

court's order approving the Settlement Agreement "is modified or set aside on appeal." The Pillar Funds do not address the effect of the confirmation order on their ownership claims.

The rescission provision of the Settlement Agreement states that, if the district court's order approving the Settlement Agreement

> is modified or set aside on appeal . . . then the Party or Parties adversely affected by or who opposed such refusal to provide or affirm the requested relief, modification, vacation, or appeal shall each, in their sole discretion, have the option to rescind this Settlement Agreement in its entirety by written notice to the Court.

Neither the Named Plaintiffs nor New LPI addresses the rescission provision in their briefs on appeal. But the Pillar Funds also fail to grapple with the actual text of the rescission provision. First, the right to rescind is limited to "Parties adversely affected by" the modification of the Settlement Agreement "or who opposed such refusal to . . . affirm the requested relief." The Pillar Funds do not meet that requirement. Second, the rescission provision allows such parties to "have the option to rescind this Settlement Agreement in its entirety by written notice to the Court." The Pillar Funds argue that they are not seeking to set aside the Settlement Agreement in its entirety, but rather are just requesting the right to opt out of the Settlement Agreement.

But even if the rescission provision allowed the Pillar Funds to rescind the Settlement Agreement if it is "modified or set aside on appeal," it does not—and cannot—authorize an appeal if this court does not have jurisdiction to hear the appeal. Because the confirmation order incorporated and implemented the Settlement Agreement, the Pillar Funds's claims were nullified when the bankruptcy court entered the confirmation order. The Pillar Funds concededly failed to appeal the bankruptcy court's confirmation order. "A timely notice of appeal is necessary to the exercise of appellate jurisdiction." *United States v.*

*Truesdale*, 211 F.3d 898, 902 (5th Cir. 2000) (quoting *United States v. Cooper*, 135 F.3d 960, 961 (5th Cir. 1998)). As such, the court cannot grant any effectual relief to the Pillar Funds's appeal of only the Settlement Agreement.

## IV

Because the Pillar Funds's appeal is moot, the court need not reach the other issues raised on appeal.

Accordingly, this appeal is DISMISSED as MOOT.