# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2020

No. 19-50207

Lyle W. Cayce
Clerk

JAMES STRIBLIN,

Plaintiff-Appellant

v.

DETECTIVE DUAN KILLIAN, San Antonio Police Department; DETECTIVE PETER WELLMAN, San Antonio Police Department; OFFICER RAFEAL MEDEL, San Antonio Police Department,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-902

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

James Striblin, Texas prisoner # 2178232, filed a notice of appeal following the district court's dismissal of claims against some of the defendants set forth in his 42 U.S.C. § 1983 complaint. The district court entered a final judgment dismissing the complaint in its entirety as to all defendants months after Striblin filed his notice of appeal. Striblin now moves for leave to proceed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in forma pauperis (IFP) following the district court's certification that the appeal was not taken in good faith. He also requests appointment of appellate counsel and moves to supplement the record.

This court "must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Our jurisdiction is limited to appeals from "final decisions of the district courts." 28 U.S.C. § 1291. Under Federal Rule of Civil Procedure 54(b), a decision, however designated, that adjudicates fewer than all the claims may be considered on appeal only if the district court expressly determines that there is no just reason for delay and expressly directs entry of a final judgment. A district court satisfies the requirements for entering an order of final judgment under Rule 54(b) "[i]f the language in the order appealed from, either independently or together with related portions of the record referred to in the order, reflects the district court's unmistakable intent to enter a partial final judgment under Rule 54(b)." *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc); *see also Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enter.*, 170 F.3d 536, 538-41 (5th Cir. 1999).

Neither the dismissal nor anything else in the record indicates that the district court intended to issue a partial final judgment under Rule 54(b). Additionally, Striblin's premature notice of appeal was not effective as to the subsequent final judgment because the notice of appeal followed a decision that was not immediately appealable. *See United States v. Cooper*, 135 F.3d 960, 962-63 (5th Cir. 1998). Accordingly, this court is without jurisdiction over Striblin's appeal of the district court's partial dismissal. *See Briargrove*, 170 F.3d at 541; *Cooper*, 135 F.3d at 962-63.

No. 19-50207

The appeal is DISMISSED for lack of jurisdiction. The motion to proceed IFP, the motion for the appointment of counsel, and the motion to supplement the record are DENIED.