# United States Court of Appeals for the Fifth Circuit

_____

No. 22-10802

_____

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2023

Lyle W. Cayce
Clerk

MICHAEL S. OWL FEATHER-GORBEY,

*Plaintiff—Appellant*,

*versus*

UNITED STATES OF AMERICA, *Administrator, FBOP Designation Center, Grand Prairie Texas*,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-566

_____

Before HAYNES, ENGELHARDT, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Michael S. Owl Feather-Gorbey, federal prisoner # 33405-013, filed a complaint that the district court construed, in part, to allege due process violations under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Feather-Gorbey also moved to proceed in forma pauperis (IFP). The district court dismissed the complaint as barred

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-10802

by the three strikes rule in 28 U.S.C. § 1915(g). It then denied Feather-Gorbey's motions for reconsideration under Federal Rule of Civil Procedure 59(e). Feather-Gorbey subsequently filed a Federal Rule of Civil Procedure 60(b) motion for reconsideration. After the magistrate judge recommended denial of the Rule 60(b) motion, Feather-Gorbey filed a conditional notice of appeal stating that he seeks to appeal if the district court denies his motion for reconsideration and his request to proceed under § 1915(g). To this date, the district court has not accepted the magistrate judge's recommendation or otherwise ruled on the Rule 60(b) motion.

We construe Feather-Gorbey's notice of appeal as an attempt to challenge the district court's denial of his still-pending Rule 60(b) motion. Because he seeks to appeal a non-final, prospective ruling of the district court, the notice of appeal is premature, and this court lacks jurisdiction over the appeal. *See United States v. Cooper*, 135 F.3d 960, 961-63 (5th Cir. 1998); *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).

Accordingly, the appeal is DISMISSED, and Feather-Gorbey's IFP motion in this court is DENIED as unnecessary. If Feather-Gorbey chooses, he may perfect a timely appeal from the district court's ruling on his Rule 60(b) motion if it is denied. *See Mosley*, 813 F.2d at 660. However, he is CAUTIONED that he is still subject to the § 1915(g) bar and that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional strikes or sanctions, as will the failure to withdraw any pending matters that are frivolous, repetitive, or otherwise abusive. We further remind Feather-Gorbey that until the $100 sanction imposed in *Feather-Gorbey v. NFN NLN*, No. 20-10863, is paid, he is barred from filing any pleading in this court or in any court subject to this court's jurisdiction without the advance written permission of a judge of the forum court.

2